UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Elizabeth E. Brown

| | |
|---|---|
| In Re: ) | |
| ) | |
| JAMES WILLIAM LINDELL, ) | Bankruptcy No.  15-20541 EEB |
| ) | |
| SSN: xxx-xx-1748 ) | Chapter 7 |
| Debtor. ) | |

## MOTION TO EXTEND THE DISCHARGE & DISCHARGEABILITY DEADLINES

COME NOW, creditors Dominic East, Gary and Kathy Fleming, Scott Friedt, Pat Jeckel, Shane Jeckel, the Jeckel Partnership, William Pike, Jay Rohrer, Barbara Wilkins, Bernard Wilkins, Silvia Wilkins and Lionel Smith (collectively "**Creditors**"), through the undersigned counsel, to move this Court for an Order to extend the deadlines to object to discharge and the dischargeability of certain debts pursuant to F. R. Bankr. P. R. 4004(b) and 4007(c).  As grounds therefore, Creditors state the following:

### RELIEF REQUESTED

1.  Creditors seek a deadline extension so they may complete their 2004 examination efforts without prejudicing their right to object to discharge or the dischargeability of specific debts.  In support of their request Creditors note they have been diligent in their efforts to gather information but there are still significant gaps in the record largely due to Debtor's lack of cooperation.  Consequently, good cause for granting a deadline extension exists and Creditors' request should be granted.

### FACTS & PROCEDURAL HISTORY

2.  Debtor used an *alter ego* entity, Lindell Real Estate, LLC ("**LRE**"), to gather and invest Creditors' money in various real estate projects (the "**Real Estate**").  Over the course of 2014 and 2015 LRE sold the Real Estate without repaying Creditors or disclosing where the sale proceeds went.  Debtor now seeks to absolve himself and LRE of liability by completing the instant bankruptcy while Creditors seek to trace-out the proceeds in question.

3.  On February 29, 2016, Creditors moved the Court for a right to conduct a 2004 examination and issue a related document subpoena so its counsel could conduct an informed exam.  (*See* Mot. for Exam, Docket No. 58.).  On March 1, 2016, the Court granted Creditors' Motion.  (Order, Docket No. 61.)

4. The next day, on March 2, 2016, Creditors issued and Debtor's counsel accepted the attached subpoena (the "**Subpoena**"). (*See* Subpoena & Waiver, March 2, 2016, incorporated as **Exhibit 1**). The Subpoena had a response deadline of March 18, 2016 (16 days after service).

5. On multiple occasions after the Subpoena was issued, the Creditors volunteered to assist Debtor's production by offering labor to relocate relevant documents. (*See* E-mails btw D. Semmens to S. Berken at 2-4, collectively incorporated as **Exhibit 2**.) These offers were ultimately rejected by Debtor.

6. On March 17, 2016, after discussion between counsel, the undersigned sent a number of releases for Debtor to execute to expedite the production process and shift the burden of production from Debtor to Creditor (the "**Releases**"). (*See* Ex. 2 at 10)(*see also* Ex. 2 at 5–9)(discussing the releases and production).

7. On March 24, 2016, Debtor produced 36 banker boxes of disorganized hardcopy documents in his counsel's office (the "**Documents**"). The next day, on March 25, 2016, the undersigned traveled to counsel's office and completed an initial review of all 36 boxes.

8. While the boxes contained some relevant materials, they were also deficient in several respects. The undersigned accordingly followed-up with a detailed e-mail on the evening of March 25th itemizing the deficiencies he found in Debtor's production. (*See* Ex. 2 at .14–15.) In his March 25th e-mail, the undersigned again sent the Releases for Debtor to sign. This time as a means of curing certain deficiencies in Debtor's production.

9. The following week, the undersigned's forensic expert[1] began analyzing the Documents and developing an audit trail. While initial returns suggest Debtor moved large sums of money through LRE's bank accounts, more time is necessary to understand where the monies came from and, more critically, where they went.

10. The forensic review further identified conspicuous omissions in Debtor's production, which will have to be rectified before a complete picture of LRE's activities may be developed and a meaningful 2004 exam of the Debtor can be held. For example:

>    a). Debtor produced LRE's bank statements for FYs 2011–14 but not 2015, when a good deal of the Real Estate was liquidated.
>
>    b). Debtor produced title documents for most of the Real Estate but failed to produce any documents indicating where the sale proceeds went when the Real Estate was sold (e.g., settlement or closing statements, checks or wire receipts).

---

1 In the interest of full disclosure, the undersigned's "forensic expert," Gary Fleming, also happens to be a Creditor who spent his career as a CPA and forensic auditor. At this juncture, the undersigned makes no representations as to whether or not he will seek to certify Mr. Fleming as an expert witness.

        c). Though printouts in the Documents suggest LRE kept a set of Quickbooks, Debtor has failed to produce any of LRE's books or ledgers.

        d). Debtor failed to produce tax returns of any kind.

        e). Debtor refused to produce any materials concerning his management of the CSR Living Trust, which he managed as trustee until his wife replaced him on June 19, 2015, three months before he filed for bankruptcy.

        f). Debtor has refused to produce any materials concerning the recent sale of his personal residence at 4616 Regency Drive.

11. On several occasions, the undersigned requested and Debtor's counsel entertained the possibility of a mutual agreeable stipulated extension of the deadlines until the undersigned's overtures were summarily rejected by debtor this past Wednesday, April 6, 2016. (*See, e.g.*, Ex 2 at 11–13, 16.)

12. Parallel with Debtor's rejection of Creditor's request for a stipulated extension, Debtor transmitted a partially executed set of the Releases. (*See* Ex. 2 at 16.) Yesterday, the undersigned circulated the executed Releases to the appropriate third-parties but it will take time to obtain and review the relevant materials. At best, it will take between two to three weeks for these parties to produce the documents described in their respective release.

13. The current deadline for objecting to the discharge under § 727 and the dischargeability § 523 of certain debts is April 19, 2016.

## MOTION

14. The Rules authorize the Court to extend the period for filing objections to discharge under § 727 and the dischargeability of specific debts under § 523 upon a showing of "cause" in a motion made before "time expires." Fed. R. Bankr. P. 4004(b), 4007(c); *see In re Maxey*, 11-12297 MER, 2012 WL 115566, at *2 (Bankr. D. Colo. Jan. 13, 2012) (applying the same standard to both rules).

15. Here the deadline for filing both objections is April 19, 2016, consequently time has not expired and this motion is timely. *See, e.g.*, *In re Kramer*, 492 B.R. 366, 369 (Bankr. E.D.N.Y. 2013).

16. While "Cause" is not defined by the Rules, Court has explicitly adopted the majority standard which holds the creditors seeking an extension must demonstrate a need for evidence and sufficient diligence prior to their request to justify an extension. In short, a creditor may not "sit on its hands" and then file for a last-minute extension. *In re Stonham*, 317 B.R. 544, 549 (Bankr. D. Colo. 2004).

17. Here, despite Creditor's best efforts, there are clear gaps in the record that require additional time to fill-in before creditors can conduct a meaningful examination of Debtor and properly evaluate their rights to object to discharge or the dischargeability of the respective debts Debtor owes to them. *In re McCormack*, 244 B.R. 203, 208 (Bankr. D. Conn. 2000) (extending the periods so a 2004 exam could be completed).

18. The Creditors have further been diligent in their efforts to gather evidence. They issued the Subpoena one day after the Court granted authority to do so. They reviewed the Documents immediately after they were produced, and notified Debtor of deficiencies on the same day. They further circulated the executed Releases the day after they were received. The only reason an extension is necessary is because of Debtor's delays and highly conspicuous gaps in the Documents produced to date. Cause has therefore been shown and the entry of an extension is warranted.

19. Creditors need adequate time to receive and review the materials described in the releases. They further need time to schedule and conduct a 2004 exam of Debtor and to potentially follow-up with requests to fill gaps in Debtor's production. Consequently, Creditors believe an extension of 60 days is warranted under the circumstances and therefore move the Court for an extension enlarging the time to object to discharge and the dischargeability of specific debts from Tuesday, April 19, 2016 to **Monday, June 20, 2016**.

20. With respect to the dischargeability of specific debts, Creditors request the following creditors be granted to the following creditors: Dominic East, Gary and Kathy Fleming, Scott Friedt, Pat Jeckel, Shane Jeckel, the Jeckel Partnership, William Pike, Jay Rohrer, Barbara Wilkins, Bernard Wilkins, Silvia Wilkins and Lionel Smith.

WHEREFORE, Creditors respectfully request the Court to enter an Order pursuant to F.R.Bankr.P. Rules 4004(b) and 4007(c) extending the deadline to and including June 19, 2016 to file any Complaint(s) objecting to Discharge and/or to determine the Dischargeability.

Dated: April 8, 2016

_____
Damon M. Semmens, 37023
Counsel for Creditors
1625 Broadway, Suite 1420
Denver, Colorado 80202
(303) 861-4822
dms@semmenslaw.com

## CERTIFICATE OF MAILING

  This is to certify on this 8th day of April, I served the foregoing on all parties, the Debtor and trustee by transmitting true and accurate copies of it via ECF and first class U.S. Mail, postage prepaid, to:

United States Trustee's Office
999 Eighteenth Street, Suite 1551
Denver, CO 80202

Daniel A. Hepner, Esq.
1660 Lincoln Street, Suite 2200
Denver, CO 80264

Thomas J. Bissell, Esq.
Markus Williams Young & Zimmermann, LLC
1700 Lincoln Street, Suite 4550
Denver, Colorado 80203

Stephen A. Berken, Esq.
Counsel for Debtor
1159 Delaware Street
Denver, CO 80204

James W. Lindell
2623 Lilac Circle
Erie, CO 80516-7937


_____

COURT USE ONLY: The undersigned deputy clerk certifies that on the date inscribed below, a check of the electronic entries on record in this matter confirms that no Objections to or Requests for Hearing on this Motion have been entered.

Dated:_____     _____
                   Signature of Deputy Clerk