# EXHIBIT 1
**(Subpoena & Waiver)**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re JAMES WILLIAM LINDELL
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 15-20547-EEB

Chapter 7

Plaintiff
v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Mr. James Willaim Lindell

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Semmens Law, P.C., 1625 Broadway, Suite 1420, Denver, Colorado 80202 | March 18, 2016 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/2/16

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

Damon M. Semmens, 1625 Broadway, Suite 1420, Denver, Colorado 80202, (303) 861-4822, dms@semmenslaw.com

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case:15-20541-EEB Doc#:70-1 Filed:04/08/16 Entered:04/08/16 18:49:37 Page4 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

ADDENDUM TO RULE 2004 SUBPOENA
Re: JAMES WILLIAM LINDELL
Bankruptcy No. 15-20541 EEB

## DEFINITIONS

The following definitions shall apply to the request below:

"**Accounts**" includes any account with a bank or financial institution as well as any certificate of deposit, credit, investment, money market retirement, savings or other account used to track an individual or entity's deposits and withdrawals of money, use of credit, investment gains and losses or other alterations to one or more things of value over time.

The term "**Debtor**" or "**you**" shall refer to the debtor in the above captioned proceeding, Mr. James William Lindell.

"**Communication(s)**" means every manner of oral, visual or written disclosure, transfer, or exchange of information via oral conversation, audio transmission, e-mail, electronic exchange of any means, letter, posting (including electronic posts), radio, telegram, telephone, telephonic texting, video or other means.

The "**CSR Entities**" refers to the entity or entities known as the CSR Trust and the CSR Living Trust.

"**Document**" or "**Documents**" means all original and copy versions of any dictation, drawing, inscription, symbol, translation, transcription or writing of any kind in electronic, paper, or other form including but not limited to: agreements, accounts, affidavits, audio recordings, books, bank statements, blog postings (and comments), bills, calendars, cancelled checks, carbon copies, checks, CDs, charts, compilations, contracts (with amendments, if any), correspondence, court records, data, data entries, databases, diagrams, diary entries, drafts, drawings, e-mails, Facebook entries, facsimiles, files (including electronic files of any kind such as .doc, .docx, .pdf, .jepg, .gif, etc.) financials, financial data, financial reports, financial summaries, graphics, graphs, instant message exchanges, letters, ledgers, logs, manuscripts, memoranda, minutes, news articles, news clippings, notes, online postings of any kind, paintings, papers, photographs, photo captures, pictures, pleadings, Power Points, presentations, printouts, records, reports, radio transmissions, scans, spreadsheets, summaries, tables, tapes, telegrams, text messages, transcripts, transmissions, tweets, video recordings, whitepapers, work papers and any other compilations of data from which information can be obtained.

The "**LRE Entities**" refers to Lindell Real Estate, LLC, a Colorado limited liability company, listed in Paragraph 18 of your SOFA, of which you are purportedly the sole member, as well as all of said entity's "affiliates" as that term is defined in 11 U.S.C. §101(2).

"**Relevant Period**" refers to the period between January 1, 2011, and the date of this Subpoena.

"**Tax Returns**" refers to any state or federal form signed and filed jointly or individually to detail an individual's or entity's taxable income, penalties and applicable deductions for a given year including, but not limited to, Colorado Tax Form 104 and IRS Forms 940, 941, 1040, 1041, 1065, 1120, 1098, 1099, any subcategories of the same (e.g., a 1120S or 1120-C) and all related Schedules (e.g., Sch. A, E, K etc.) as well as any K-1 forms completed for an individual or business entity.

## DOCUMENT REQUESTS

Please produce:

1. All Tax Returns you filed during the Relevant Period. If you failed to file returns for one or all of the years in question, please produce all W-2, 1099 and 1098 forms you received in each year without a return.

2. Any Tax Returns filed in the Relevant Period by an entity you owned or operated during the Relevant Period. If any of the entities failed to prepare or file a return for one or all of the years in question, please produce all 1099 and 1098 forms the entity received in each year without a return.

3. Any Tax Returns filed in the Relevant Period by the CSR Entities. If any of the entities failed to prepare or file a return for one or all of the years in question, please produce all 1099 and 1098 forms the entity received in each year without a return.

4. Any monthly statements issued after January 1, 2011, for any Account:
    (i) You owned or co-owned;
    (ii) over which you exercised control;
    (iii) in which you deposited money; or
    (iv) on which you were a named signatory including, but not limited to, all Accounts associated with the LRE and CSR Entities.

5. For each Account to which Paragraph 4 above applies, please provide a ledger or register itemizing all disbursements from the Account and identifying i.) the means of disbursement (check, electronic funds transfer, money order, negotiable instrument, withdrawal, wire transfer, etc.), ii.) the date of disbursement, iii.) the check or transaction number, iv.) the amount of the disbursement, v.) the payee or recipient of the disbursement and vi.) the disbursement's purpose.

6. Any monthly or periodic statements issued after January 1, 2011, for any Account associated with any entity you owned or operated during the Relevant Period including, but not limited to, the Accounts of the LRE and CSR Entities. For purposes of this request, "associated" shall be understood to include any Account on which the entity was a named signatory as well as any Accounts the entity otherwise owned or operated.

7. For each Account to which Paragraph 6 above applies, please provide a ledger or register itemizing all disbursements from the Account and identifying i.) the means of disbursement (check, electronic funds transfer, money order, negotiable instrument, withdrawal, wire transfer, etc.), ii.) the date of disbursement, iii.) the check or transaction number, iv.) the amount of the disbursement, v.) the payee or recipient of the disbursement and vi.) the disbursement's purpose.

8. All financial statements and loan applications which you prepared, authorized to be prepared or provided to any bank, financial institution, mortgage broker or mortgage lender at any time during the Relevant Period.

9. Any loan applications you completed on behalf of the LRE or CSR Entities during the Relevant Period.

10. Any contracts for the purchase or sale of any real estate entered into by the LRE or CSR Entities during the Relevant Period.

11. All promissory notes, loan agreements, security documents, assignments of rent and other Documents pertaining to any loans you obtained or entered into during the Relevant Period.

12. All promissory notes, loan agreements, security documents, assignments of rent and other Documents pertaining to any loans which the LRE or CSR Entities obtained or entered during the Relevant Period.

13. Closing statements for all real estate transactions during the Relevant Period in which you, the LRE or CSR Entities were the named seller or buyer.

14. Front and back copies of any disbursement checks you, the LRE or CSR Entities received in connection with the transactions responsive to Paragraph 13, above.

15. All quarterly IRS Form 941 returns filed during the Relevant Period by any entity you owned or operated during the Relevant Period including the LRE and CSR Entities.

16. All W-2 and 1099 forms issued to any persons or entities employed by or providing services to any entity you owned or operated during the Relevant Period including any persons or entities employed by the LRE or CSR Entities.

17. All Documents evidencing or related the settlement of the Colorado lawsuit captioned, *Grueff v. Lindell Real Estate LLC,* et al., Larimer County District Court No. 2015 cv 30276.

18. A list of all lawsuits filed or pending at any time during the Relevant Period in which you were a named party. For each lawsuit, name the court in which the action was filed, the case number, the name(s) and designation of all parties in the lawsuit and provide a general description of the claims made by each party.

19. A list of all lawsuits filed or pending at any time during the Relevant Period in which the LRE Entities or the CSR Entities were a named party. For each lawsuit, name the court in which the action was filed, the case number, the name(s) and designation of all parties in the lawsuit and provide a general description of the claims made by each party.

20. Documentation of all rent collected by you or the LRE Entities during the period from September 20, 2015, through January 18, 2016, for each of the properties listed in Paragraph 13 of the Bankruptcy Schedule B filed in your bankruptcy case.

21. Documentation of all disbursements made by you or the LRE Entities during the period from September 20, 2015, through January 18, 2016, from the rents collected from each of the properties listed in paragraph 13 of the Bankruptcy Schedule B filed in your bankruptcy case.

22. All Documentation concerning the formation of the CSR Entities.

23. All Documentation concerning any assets transferred out of the CSR Entities during the Relevant Period regardless of who the assets were transferred to. For each transfer, please provide the amount, transfer date, recipient, method of payment (along with a check number or other transfer I.D.) and the purpose of the transaction.

24. Any Documents or Communications received during the Relevant Period from a state or federal tax authority in which the authority threatened or reported an assessment of any kind against you or any entity you owned or operated during the Relevant Period, including the LRE and CSR Entitites.

25. All Documents concerning any items of value you, the LRE or CSR Entities transferred to your family during the relevant period. For purposes of this Request, "family" shall include but not be limited to your children, children-in-law, cousins, grandchildren, siblings and spouse.

26. All Documents and Communications concerning Ms. Debora Kelly and her management of rental properties owned by you, the LRE Entities, the CSR Entities or any other entities you owned or operated during the Relevant Period.

27. All payments to or from Ms. Debora Kelly in connection with her management of any properties owned by you, the LRE Entities, the CSR Entities or any other entities you owned or operated during the Relevant Period. If the payments in question were made by check, please provide a front and back copy of the canceled or negotiated check. If the payments were made by any other means, please provide a receipt or ledger sufficient to identify i.) the means of payment (check, electronic funds transfer, money order, negotiable instrument, withdrawal, wire transfer, etc.), ii.) the date of payment, iii.) the check or transaction number, iv.) the amount of the payment, v.) the payee or recipient of the payment and vi.) the payment's purpose.

28. All Documents in your possession, including any Documents in the possession of the LRE and CSR Entities, concerning certain real property situate in Larimer County, Colorado, at 4616 Regency Drive, Fort Collins, Colorado 80526, otherwise known as Lot 45, The Ridge PUD, County of Larimer, State of Colorado.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Elizabeth E. Brown

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JAMES WILLIAM LINDELL, | ) | Bankruptcy No. 15-20541 EEB |
| | ) | |
| SSN: xxx-xx-1748 | ) | Chapter 7 |
| Debtor. | ) | |

## WAIVER OF SERVICE

I, Stephen A. Berken, Esq., pursuant to Fed. R. Civ. P. 4, have been authorized to accept service on behalf of my client, the above-captioned Defendant, Mr. James Lindell. Pursuant to such authority, I hereby accept service of the following documents:

1. A Subpoena to Produce with Addendum, and

2. The Court's Order for an Examination of Mr. James Lindell.

By signing below, I acknowledge my client has been sufficiently served. I hereby waive, on my client's behalf, any and all objections my client may raise concerning the sufficiency of the foregoing service or adequacy of notice related thereto.

DATED this ____ day of March, 2016.

Stephen A. Berken, Esq.
1159 Delaware Street
Denver, Colorado 80204
Attorney for Mr. James Lindell